UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEFFREY SHIRLEY and VALERIE SHIRLEY, both individually and as next of friends for A.S., a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:18-CV-79-TAV-DCP |
| SMOKY MOUNTAIN PROPERTY MANAGEMENT, LLC d/b/a WYNDHAM VACATION RENTALS and SUGAR MAPLE CABINS, KEVIN SWINEHAMER and POK-SUN SWINEHAMER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Quash or Modify Non-Party Subpoena to Darden's Repairs [Doc. 16]. By way of background, the subpoena was issued by Plaintiffs to Darden's Repairs, a nonparty, responsible for performing repairs for Defendants. Accordingly, for the reasons further explained below, the Court **DENIES** Defendants' Motion [**Doc. 16**].

### I. POSITIONS OF THE PARTIES

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Defendants request [Doc. 16] that the Court limit the subpoena issued by Plaintiffs to include only Darden's Repairs' documents from January 1, 2015, to July 3, 2016, as opposed to the requested dates of July 1, 2015, to the present. For grounds, Defendants state that the burden or expense of requiring any response or

production as to information or documents originating after the date of the alleged incident, July 3, 2016, outweighs the likely benefit of the discovery. In addition, Defendants claim that the documents requested after the date of the incident are not relevant to the case and that the remedial measures taken after the incident are not admissible under Rule 407 of the Federal Rules of Evidence.

Plaintiffs object to the Motion [Doc. 17], arguing that the complete records of Darden's Repairs may bear information relevant to Plaintiffs' claims of negligence per se and negligence by constructive notice. Further, Plaintiffs argue that their request is narrowly tailored and that Defendants have the burden of showing good cause to limit such discovery under Rule 26(c). Moreover, Plaintiffs state that Defendants have failed to meet their burden by not articulating any clearly defined or serious injury that may result from Darden's Repairs' compliance with the subpoena.

## II. ANALYSIS

The Court has considered the filings in this matter, as well as the relevant case law. Accordingly, the Court finds that Defendants lack the standing necessary to quash the nonparty subpoena, and their Motion [**Doc. 16**] is **DENIED**.

As mentioned above, Defendants claim that the burden or expense of the discovery requested outweighs the likely benefit pursuant to Rule 45(a)(3). Specifically, Rule 45(d)(3)(A)(iv) provides: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that subjects a person to undue burden." In the present matter, however, the Court finds that Defendants do not have standing to challenge the subpoena at issue. *See Hackmann v. Auto Owners Insurance Co.*, No. CIV.A. 2:05-cv-876, 2009 WL 330314, at *1 (S.D. Ohio Feb. 6, 2009). In *Hackmann*, plaintiffs sought to quash a subpoena

served on two nonparties by defendants. The court, without ruling on the merits of either party's claims, held that "[t]he only basis for plaintiff to have standing to move to quash defendants' subpoenas served upon the two nonparties would be a claim of some sort of personal right or privilege." *Id.* (citing *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) and *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Further, the court stated as follows:

> Rule 45[(d)][1] is intended to protect nonparties to litigation from, in effect, suffering inconvenience or expense from having to participate in someone else's quarrel. [Rule 45] allows a party served with a subpoena to ask the issuing court to relieve it from the burden of having to comply with a demand which might be difficult or impossible to obey, or which might subject the respondent, if it were to comply, to liability to another person for violating a privilege.

*Id.*

As in *Hackmann*, Defendants here are not the parties that were served with the subpoena. In addition, Defendants do not claim any personal right or privilege that would provide them standing to challenge the subpoena on behalf of the nonparty. Therefore, the Court finds that absent a claim of privilege or personal right in the discovery sought, Defendants lack the standing required to challenge Plaintiffs' subpoena.

As a final matter, Defendants also argue that the requested documents are not admissible pursuant to Rule 407. *But see* Fed. R. Civ. P. 26(b) (noting that evidence does not need to be admissible to be discoverable). The Court finds that this argument does not constitute grounds to

---

[1] *Hackmann* was decided before the Federal Rules of Civil Procedure were amended in 2013. The amendment created a new Rule 45(c) and moved the prior content of subsection (c) to subsection (d).

quash and/or limit the subpoena and that such an argument can be better addressed through a motion in limine.

## III. CONCLUSION

Accordingly, for the reasons set forth above, Defendants' Motion to Quash or Modify Non-Party Subpoena to Darden's Repairs [**Doc. 16**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge